UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

**GREGORY TERZIAN,**

                **Plaintiff,**

        **-against-**

**"JOE" ROZANSKI (NYPD POLICE OFFICER),**

                **Defendant.**
------------------------------------------------------------------X

15 Civ. 8894 (RWS)

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

    Plaintiff amends the caption to read as follows:

------------------------------------------------------------------X

**GREGORY TERZIAN,**

                **Plaintiff,**

        **-against-**

**"JOE" ROZANSKI (NYPD POLICE OFFICER),
and the CITY OF NEW YORK (NYC POLICE
DEPARTMENT),**

                **Defendant.**
------------------------------------------------------------------X

    Plaintiff Gregory Terzian, by his attorneys, Advocates for Justice, Chartered Attorneys, who appear as below-signed, as and for his First Amended Complaint, alleges as follows:

## NATURE OF THE CASE

1.    This is a civil rights action under 42 USC § 1983 arising from the false arrest/false imprisonment and the use of excessive force perpetrated by a Police Officer of the New York City Police Department ("NYPD") during the arrest of the Plaintiff. This incident took place in June 2015. The Plaintiff is entitled to compensatory damages for the harms suffered

as a result of Defendants' unlawful actions, punitive damages to punish and deter the Defendants from engaging in similar unlawful actions in the future, and reasonable attorney fees and costs.

## JURISDICTION

2. This court has original jurisdiction over this action pursuant to 28 USC §§ 1331 and 1343, because this action arises under the Fourth and Fourteenth Amendments to the U.S. Constitution. This Court's pendent jurisdiction is also invoked.

3. Plaintiff served valid Notice of Claims on the New York City Comptroller's Office within 90 days of the incident described *supra*. Plaintiff's 50-h Hearing has not been conducted. To date, the City has failed to settle any of these matters administratively. This action is being brought more than 30 days after the Notice of Claim was served on the City and within one year and 90 days after the incident.

## PARTIES

4. Plaintiff Gregory Terzian is a citizen of the United States, and resides at 269 Melrose Street, Apartment 3R, Brooklyn, New York 11206. Mr. Terzian is a retail assistant. He does not have a criminal record. He sustained injuries as a result of his arrest in June 2015.

5. Defendant Police Officer "Joe" Rozanski (whose first name is presently unknown) is employed as a Police Officer by the NYPD. Officer Rozanski was assigned at all relevant times to the 9th Precinct, located at 321 East 5th Street, New York, NY 10003. Officer Rozanski was the arresting officer of Plaintiff Terzian and perpetrated the alleged unlawful actions described herein. Defendant Police Officer Rozanski exerted excessive force in the arrest of Plaintiff Terzian. At all relevant times, Officer Rozanski was acting under the color of law, in abuse of that authority, but within the scope of his employment with the NYPD. Officer

Rozanski is being sued in his individual capacity under 42 USC § 1983. Plaintiff does not know Rozanski's first name and seeks leave to amend once his name is known.

6. Defendant City of New York is a municipal corporation existing pursuant to the Laws of the State of New York. It employs all members of the NYPD. City of New York is sued only on the pendent claims.

## FACTUAL ALLEGATIONS

## COUNT ONE: EXCESSIVE FORCE (4TH AMENDMENT)

7. Under the Fourth Amendment to the United States Constitution, a Police Officer may use only such force as is reasonably believed necessary under the circumstances in order to effectuate an arrest. This force is excessive when it goes beyond what a police officer reasonably believes is necessary to effectuate a valid arrest.

**Arrest and Assault of Mr. Terzian**

8. On June 28, 2015, at around 11:00 p.m., when a fast food restaurant clerk refused to serve Plaintiff Terzian and his friend, allegedly because of Plaintiff's sexual orientation, Plaintiff called 911.

9. After Defendant Rozanski and his partner arrived, they first questioned the restaurant clerk who refused Plaintiff service, then went outside to where Plaintiff and his friend were waiting.

10. Defendant Rozanski immediately began berating Plaintiff and his friend, then told them they were under arrest. When Plaintiff Terzian complained he did not do anything wrong, Officer Rozanski violently threw Plaintiff Terzian to the ground. Plaintiff Terzian landed on his face and shoulder. Officer Rozanski then held Plaintiff down by putting his knee on Plaintiff's

3

leg. Officer Rozanski then handcuffed Plaintiff very roughly, even though Plaintiff readily complied with Officer Rozanski's instruction for Plaintiff to put his hands behind his back.

11. As a result of the throw-down, Plaintiff Terzian suffered lacerations and bruising to his shoulder, and lacerations and socket injury to his eye.

12. Plaintiff Terzian, who was initially charged with resisting arrest, was detained for several hours, after which the charges were withdrawn and not processed.

13. Defendant Rozanski could not have reasonably believed that the brutal throwing to the ground of non-resistant Gregory Teszian,, who had called 911 for assistance, was reasonably necessary under the circumstances.

14. Plaintiff was not arrested for a violent or serious crime, nor did he pose a threat to the officer or others at the time of the incident. There was no active resistance to the arrest nor was there any attempt to evade arrest by flight. The force used exceeded that necessary to bring the Plaintiff under control. No warning as to the possible use of the force used was given by Defendant Rozanski prior to its use.

15. Neither the physical assault nor the use of the aforedescribed force exerted by Defendant Rozanski was reasonable in the circumstances. No reasonable Police Officer at the scene would have deemed the use of force in this case necessary.

16. Plaintiff's Constitutional rights under the Fourth Amendment were violated by the acts of Defendant Rozanski, acts which Defendant Rozanski perpetrated deliberately.

17. The aforementioned acts of Defendant Rozanski were within his official duties, but the manner in which Defendant Rozanski carried out this official duty violated the Plaintiff's Constitutional rights under the Fourth Amendment.

18. As a result of Defendant Rozanski's aforedescribed unconstitutional conduct, Plaintiff suffered physical injury, mental anguish, emotional distress, and loss of a day's wages.

19. Defendant acted intentionally, maliciously, and with a reckless disregard for Plaintiff's rights,.

**COUNT TWO:  FALSE IMPRISONMENT/FALSE ARREST (4TH AMENDMENT)**

20. As discussed *supra*, Plaintiff was arrested and imprisoned by Defendant Rozanski.

21. Defendant Rozanski restrained, arrested, and imprisoned Plaintiff without probable cause, arguable probable cause, or other legal justification, and without a need to restrain the Plaintiff.

22. Defendant Rozanski intentionally and maliciously abused his power as a police officer by arresting Plaintiff and putting him in a jail cell.

23. Defendant Rozanski acted with intentional, knowing, callous, and/or reckless indifference to Plaintiff's rights when he arrested and imprisoned Plaintiff.

24. As a result of Defendant Rozanski's unlawful arrest and imprisonment of Plaintiff, Plaintiff suffered physical injuries, loss of liberty, emotional distress, insult, embarrassment, humiliation, loss of enjoyment of life, and other compensable injuries

25. Defendant Rozanski, by acting as aforedescribed, acted intentionally, maliciously, and with a reckless disregard for Plaintiff's rights.

**COUNT THREE:  ASSAULT (PENDANT CLAIM)**

26. By acting as described in paragraphs 10–15, Defendant Rozanski assaulted the plaintiff.

27. Because he was acting within the scope of his duties, the City of New York is liable for the actions taken by Rozanski.

28. As a result of this assault, the Plaintiff suffered physical injury, mental anguish, emotional distress, and loss of enjoyment of life.

29. Defendant Rozanski acted intentionally, maliciously, and with a reckless disregard for Plaintiff's rights.

### COUNT FOUR:  FALSE IMPRISONMENT/FALSE ARREST (PENDANT CLAIM)

30. By acting as described in paragraphs 10 – 17, Defendant Rozanski falsely arrested and falsely imprisoned Plaintiff.

31. As a result of Defendant Rozanski's false imprisonment of Plaintiff, Plaintiff suffered physical injury, mental anguish, emotional distress, and loss of enjoyment of life.

32. Defendant Rozanski acted intentionally, maliciously, and with a reckless disregard for Plaintiff's rights. Plaintiff is entitled to an award of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE the Plaintiff demands judgment against the Defendants as follows.

   i. Compensatory damages in an amount no less than five hundred thousand dollars ($500,000);

   ii. Punitive damages in an amount no less than five hundred thousand dollars ($500,000);

   iii. Attorneys' fees, costs, and disbursements; and

   iv. Such other and further relief that Plaintiff may be entitled to under law, or as justice may require.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Dated: New York, New York
November 17, 2015

                              ADVOCATES FOR JUSTICE
                              CHARTERED ATTORNEYS
                              Attorneys for Plaintiff

                              By:_____/s/_____
                                  Arthur Z. Schwartz (AZS 2683)
                                  Laine Armstrong
                                  225 Broadway, Suite 1902
                                  New York, New York 10007
                                  (212) 285-1400
                                  aschwartz@afjlaw.com